UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROXANNE R.,[1] <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | No. 18 C 5484 <br><br> Magistrate Judge Mary M. Rowland |

# MEMORANDUM OPINION AND ORDER

Plaintiff Roxanne R. filed this action seeking reversal of the final decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits (DIB) under Title II and Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the Act). The parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), and filed cross motions for summary judgment. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c). For the reasons stated below, the case is remanded for further proceedings consistent with this Opinion.

## I. PROCEDURAL HISTORY

On October 31, 2014, Plaintiff applied for DIB and SSI, alleging that she became disabled on September 11, 2010 because of carpal tunnel syndrome and

---

[1] In accordance with Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name.

affective/ mood disorders. (R. at 82–83). Her claims were denied initially on February 9, 2015 and upon reconsideration on August 6, 2015, after which Plaintiff timely requested a hearing. (*Id.* at 82–83, 114–15, 169–70). Plaintiff, represented by counsel, testified at a hearing before an Administrative Law Judge (ALJ) on March 15, 2017. (*Id.* at 12–57). The ALJ also heard testimony from Jacqueline Bethell, a vocational expert (VE). (*Id.*).

The ALJ issued an unfavorable decision on June 21, 2017. (R. at 116–44). Applying the five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since September 1, 2010, her alleged disability onset date. (*Id.* at 123). At step two, the ALJ found that Plaintiff's carpal tunnel syndrome, cervical degenerative disc disease, and depression alternatively diagnosed as bipolar disorder was a severe impairment. (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listings enumerated in the regulations. (*Id.*).

The ALJ then assessed Plaintiff's Residual Functional Capacity (RFC)[2] and determined that Plaintiff has the RFC to perform the full range of light work as defined in 20 C.F.R. §§404.1567(b) except with the following limitations:

> [S]he can occasionally reach overhead with her non-dominant left upper extremity, and she can frequently, but not continuously, engage in fine or gross manipulation with her non-dominant left hand. She is limited to performing simple, routine, repetitive tasks, and can make simple

---

[2] Before proceeding from step three to step four, the ALJ assesses a claimant's RFC. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008).

2

> work-related decisions. The claimant can tolerate only occasional changes in the work setting. She can tolerate only occasional interaction with supervisors or co-workers, and should avoid all contact with the public. The claimant cannot engage in tandem tasks.

(R. at 126). The ALJ determined at step four that Plaintiff was able to perform her past relevant work as a cap lining machine operator. (*Id.* at 137). In the alternative, at step five, based on Plaintiff's RFC, her vocational factors, and the VE's testimony, the ALJ determined that there are jobs that exist in significant numbers in the local economy that Plaintiff also can perform, including housekeeper/ cleaner, office helper, and mail clerk. (*Id.* at 137–38). Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined by the Act, from the alleged onset date through the date of the ALJ's decision. (*Id.* at 139).

On June 11, 2018, the Appeals Council denied Plaintiff's request for review. (R. at 1–6). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## II. STANDARD OF REVIEW

A court reviewing the Commissioner's final decision may not engage in its own analysis of whether the plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Id.* The Court's task is "limited to determining whether the ALJ's factual findings are supported by substantial evidence." *Id.* (citing § 405(g)). Evidence is considered

3

substantial "if a reasonable person would accept it as adequate to support a conclusion." *Indoranto v. Barnhart*, 374 F.3d 470, 473 (7th Cir. 2004); *see Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) ("We will uphold the ALJ's decision if it is supported by substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation omitted). "Substantial evidence must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). "In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

Although this Court accords great deference to the ALJ's determination, it "must do more than merely rubber stamp the ALJ's decision." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (citation omitted). "This deferential standard of review is weighted in favor of upholding the ALJ's decision, but it does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision. Rather, the ALJ must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). Where the Commissioner's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart,* 290 F.3d 936, 940 (7th Cir. 2002).

## III. DISCUSSION

Plaintiff's sole basis for remand is that the ALJ improperly relied upon the VE's testimony in finding that Plaintiff can perform her past work at step four and other jobs at step five. (Dkt. 17 at 2–3). After reviewing the record and the parties' briefs, the Court agrees that the ALJ erred by failing to properly address conflicts between the Department of Labor's Dictionary of Occupational Titles ("DOT") and the VE's testimony.

At step four, the ALJ fully credited and adopted the testimony of the VE that Plaintiff could perform her past relevant work as a cap lining machine operator as described in the DOT, both as it was performed by Plaintiff and as it is generally performed in the national economy. (R. at 137). Similarly, at step five, the ALJ fully adopted the testimony of the VE that Plaintiff could perform the jobs of office helper, mail clerk, and housekeeper/ cleaner as described in the DOT. (*Id.* at 138).

"When a VE or VS (vocational specialist) provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT."[3] Social Security Ruling (SSR) 00-4P (S.S.A. Dec. 4, 2000), 2000 WL 1898704 at *4.[4] In line with this ruling, the ALJ asked the VE if her testimony

---

[3] An ALJ is required to take administrative notice of job information contained in various publications, including the DOT, published by the Department of Labor. See, 20 C.F.R. § 404.1566(d)(1).

[4] SSRs "are interpretive rules intended to offer guidance to agency adjudicators. While they do not have the force of law or properly promulgated notice and comment regulations, the agency makes SSRs binding on all components of the Social Security Administration." *Nelson v. Apfel*, 210 F.3d 799, 803 (7th Cir. 2000); *see* 20 C.F.R. § 402.35(b)(1). Although the Court is "not invariably bound by an agency's policy statements," the Court "generally defer[s] to an agency's interpretations of the

5

was consistent with the DOT and the VE responded, "yes." (R. at 48–51).

This affirmative duty under SSR 00-4P, however, "extends beyond merely asking the VE whether his testimony is consistent with the DOT." *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008). "When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4P, 2000 WL 1898704 at *2. Moreover, the ALJ must "explain in the determination or decision how he or she resolved the conflict . . . irrespective of how the conflict was identified." *Id.* at 4. SSR 00-4P, 2000 WL 1898704 at *4.

Plaintiff argues that the VE reversibly erred by failing to explain her resolution of two apparent conflicts between the VE's testimony and the DOT. The Court will address each of these alleged conflicts in turn.

**1. Conflict between the VE's testimony on cross-examination and her prior testimony regarding Reasoning Level 2 and 3 positions**

In response to a hypothetical from the ALJ regarding the work capabilities of an individual who is "limited to performing simple, routine, repetitive tasks, and can make simple work-related decisions," the VE testified that such a hypothetical individual could perform Plaintiff's past work as a cap lining machine operator (DOT 692.685-062), as well as other representative jobs in the national economy including

---

legal regime it is charged with administrating." *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009).

office helper (DOT 239.567-010), mail clerk (DOT 209.687-026), and housekeeper/ cleaner (DOT 323.687-014). (*Id.* at 46–49). During cross-examination by Plaintiff's attorney, the VE later testified that an individual limited to simple, repetitive, routine tasks and simple work-related decisions (limitations adopted in Plaintiff's RFC) would be precluded from carrying out detailed oral or written instructions. (R. at 52). The ALJ then relied upon the VE's testimony to find that Plaintiff could perform her past relevant work and that Plaintiff could perform the jobs of office helper, mail clerk, and housekeeper/ cleaner which existed in significant numbers in the national economy. (*Id.* at 138).

Plaintiff argues that the VE's testimony on cross- examination created a conflict because the "Reasoning Development Level" as described in the DOT of Plaintiff's past job and two of the three other jobs identified by the VE indicate that these jobs cannot be performed by an individual with Plaintiff's RFC. A reasoning development level (hereinafter "reasoning level") is assigned to each job listed in the DOT. *See* DOT (4th ed., rev. 1991), App'x C. § III, *available online at* https://www.oalj.dol.gov/LIBDOT.HTM (last visited June 11, 2019). Reasoning level is one of three components of the "General Educational Development" (GED) scale, which is used to describe formal and informal educational requirements for satisfactory job performance. *Id.* Reasoning Level 1 is defined as the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and to "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id.* Reasoning Level 2 is defined as the ability to

7

"[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." *Id.* Reasoning Level 3 is defined as the ability to "[a]pply commonsense understand to carry out instructions furnished in written, oral, or diagrammatic form" and to "[d]eal with problems involving several concrete variables in or from standardized situations." *Id.*

Plaintiff's past relevant job as cap lining machine operator and the representative job identified by the VE of office helper are both classified as Reasoning Level 2. *Id.* DOT §§ 692.685-062, 239.567-010. The mail clerk position identified by the VE is classified as Reasoning Level 3. *Id.* § 209.687-026.[5] Plaintiff argues that because her RFC limits her to "simple, routine, repetitive tasks" and "simple work-related decisions," she cannot perform any of these jobs classified as Reasoning Level 2 or higher because those jobs involve carrying out detailed but uninvolved written and oral instructions. (Dkt. 17 at 3–6).

Defendant responds that courts have found that there is no inherent conflict between Reasoning Level 2 or 3 positions and a claimant's limitation to simple work-related tasks and decisions. (Dkt. 20 at 1–2) (*citing Sawyer v. Colvin*, 512 F. App'x 603, 610–11 (7th Cir. 2013), *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009), *Stile v. Colvin*, No. 14 C 4379, 2017 WL 2908783, at *8 (N.D. Ill. July 7, 2017); *Thompkins*

---

[5] The remaining representative position identified by the VE of housekeeper/ cleaner is classified as a Reasoning Level 1 job. DOT §323.687-014. Plaintiff concedes that no apparent conflict exists between the Reasoning Level of this position and the VE's testimony; however, Plaintiff argues that a separate apparent conflict involving this position exists, which the Court will address below.

8

*v. Astrue*, No. 09 C 1339, 2010 WL 5071193, at *10 (N.D. Ill. Dec. 6, 2010); *Masek v. Astrue*, No. 08 C 1277, 2010 WL 1050293, at *22 (N.D. Ill. Mar. 22, 2010)). In *Stile*, *Thomkins* and *Masek*, courts in this district found that Reasoning Level 2 is not inconsistent with a limitation to perform simple, routine tasks. *Stile*, 2017 WL 2908783, at *8; *Thompkins*, 2010 WL 5071193, at *10; *Masek*, 2010 WL 1050293, at *22. Similarly, in *Sawyer* and *Terry*, the Seventh Circuit found that there is no conflict between a claimant's limitation to simple work-related tasks and Reasoning Level 3 jobs. *Sawyer*, 512 F. App'x at 610–11; *Terry*, 580 F.3d at 478.

The Court agrees that jobs requiring Reasoning Level 2 or higher are not inherently inconsistent with simple work-related restrictions. However, unlike the cases cited by Defendant, here, the VE testified on cross-examination that a limitation to simple work-related restrictions would preclude an individual's ability to carry out detailed oral or written instructions. It is this testimony on cross-examination that creates a conflict and distinguishes the instant case from the cases cited by Defendants. A court in this district found that a conflict was created with almost identical VE testimony. In *Mitchell*, the court held that remand was required when the ALJ failed to address an apparent conflict between the VE's *prior* testimony regarding the availability of Reasoning Level 2 and 3 jobs and the VE's *subsequent* testimony on cross examination. *Mitchell v. Berryhill*, No. 17 C 6241, 2019 WL 426149, at *6–8 (N.D. Ill. Feb. 4, 2019). The court explained:

> [T]he Reasoning Levels of the identified jobs alone do not make them inconsistent with the RFC's simple work-related restrictions. But there is an additional wrinkle: on cross-examination, [the VE] testified that the "simple, routine, repetitive" task restriction in the ALJ's

9

> hypothetical question (which mirrors that of Claimant's assessed RFC) would preclude an ability to carry out detailed oral or written instructions. . . . The Court finds that this additional testimony did create a conflict with [the VE's] prior testimony regarding the availability of Reasoning Level 2 and 3 jobs.

*Id.* at \*4–5. Similarly, here, on cross-examination, the VE testified that an individual limited to simple, repetitive, routine tasks and simple work-related decisions (as was Plaintiff) would be precluded from carrying out detailed oral or written instructions. (R. at 52). But the DOT indicates that Reasoning Level 2 jobs require an ability to "[a]pply commonsense understanding *to carry out detailed but uninvolved written or oral instructions*." DOT, App'x C. § III (emphasis added). Moreover, if a claimant "is precluded from performing the tasks required by a Reasoning Level 2 job, she also would be precluded from performing the tasks required by a Reasoning Level 3 job." *Mitchell*, 2019 WL 426149, at \*5 (noting that because a Reasoning level 3 position requires a higher level of reasoning development than a Reasoning level 2 position, "common sense indicates that a Reasoning Level 3 job incorporates all the aspects of a Reasoning Level 2 job plus additional aspects."). The Court finds that although there is no inherent conflict between the Reasoning Levels of the identified positions and the Plaintiff's simple work restrictions, the VE's cross-examination testimony creates a conflict.

The Court also finds that this conflict was apparent as Plaintiff brought this issue to the ALJ's attention in a Post-Hearing Memorandum issued on March 28, 2017, three months before the ALJ issued her decision on June 26, 2017. (*See* R. at 116–114, 351-89). "A conflict is apparent where the ALJ is aware of it before

10

rendering his decision." *Mitchell*, 2019 WL 426149, at *6 (*citing Overman*, 546 F.3d at 463–64). The Plaintiff's sixth objection in her Post-Hearing Memorandum noted that the VE "testified, under oath, that the limitation to simple tasks would preclude an ability to carry out any detailed oral and written instructions." (R. at 355). Plaintiff then identified a conflict between this testimony and the requirements for DOT Reasoning Level 2 positions stating:

> [P]ursuant to SSR 83-10, reasoning level two jobs would exceed the RFC included in the hypothetical posed at the hearing based on the vocational witness' testimony. No reasonable response was elicited to explain the unresolved conflicts between the vocational witness' testimony and the job classifications. As such the vocational witness' testimony cannot be relied upon "to support a determination or decision about whether the claimant is disabled" (See SSR 00-4p).

(Id. at 356). The ALJ was aware of these objections as she discussed Plaintiff's Post-Hearing Memorandum in her decision. (R. at 119–21). However, the ALJ did not address this conflict identified by Plaintiff in her decision.

SSR 00-4p requires that an ALJ "investigate and resolve any apparent conflict between the VE's testimony and the DOT." *Weatherbee v. Astrue*, 649 F.3d 565, 570 (7th Cir. 2011). The ALJ did not do so here. The ALJ did not ask the VE at the hearing about the inconsistencies between her initial testimony and her subsequent testimony on cross examination. Nor did the ALJ "reasonably explain or resolve these inconsistencies in her decision." *Mitchell*, 2019 WL 426149, at *6.

When an ALJ fails to resolve apparent conflicts between the VE's testimony and the DOT as required by SSR 00-4p, the ALJ's findings based on that testimony are deemed unreliable and not supported by substantial evidence. *Traversa v.*

11

*Berryhill*, No. 17 C 2115, 2018 WL 3352660, at *4 (N.D. Ill. July 9, 2018) ("[T]he conflict between the VE's testimony and the DOT rendered the ALJ's findings unreliable, resulting in a failure to build an accurate and logical bridge from the evidence to the ALJ's conclusion."). The Court finds that the ALJ's reliance on the VE's testimony regarding Reasoning Level 2 of the 3 positions is not supported by substantial evidence.

This error could be harmless if the remaining position identified by the VE existed in substantial numbers in the national economy and was supported by substantial evidence. *See Brown v. Colvin,* 845 F.3d 247, 255 (7th Cir. 2016) (failure to resolve apparent conflict harmless when VE identified at least 5303 other appropriate jobs that exist in the national economy); *Zblewski v. Astrue*, 302 F. App'x 488, 494–95 (7th Cir. 2008) (failure to follow SSR 00-4p harmless when other positions remained available based on unchallenged VE testimony). Here, the VE identified one additional position that exists in significant numbers in the national economy that a hypothetical individual with Plaintiff's RFC limitations could perform, that of housekeeper/ cleaner, DOT number 323.687-014, with approximately 115, 200 such jobs in the national economy. (R. at 49–50). As this position is a Reasoning Level 1 position, there is no apparent conflict between this job and the DOT based on reasoning level. However, Plaintiff argues that there is a conflict between this position and the DOT's reaching requirement, which the Court turns to next.

12

## 2. Conflict between the remaining housekeeper/ cleaner position and the VE's testimony regarding frequent reaching

Plaintiff argues that the ALJ also erred by failing to resolve a conflict between the reaching requirement listed in the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (SCO-DOT), a companion volume to the DOT, and the remaining position identified by the VE of housekeeper/ cleaner.[6] As above, Plaintiff brought this potential conflict to the ALJ's attention in her Post-Hearing Memorandum. In Plaintiff's third objection, Plaintiff noted that the frequent reaching requirements listed in the SCO-DOT for the position of housekeeper/ cleaner (among other positions) exceeds Plaintiff's RFC limitations to "occasional overhead reaching with the left upper extremity." (R. at 353). Plaintiff explained that because the SCO-DOT "does not delineate between bilateral or unilateral use of the upper extremities or the direct[ion] by which the reaching is required . . . [the VE] was required to explain the apparent conflict with the [SCO-DOT] and the jobs that she offered in response to the hypothetical residual functional capacity assessment." (*Id.*). In her decision, the ALJ did not address this conflict noted by Plaintiff.

The Court finds that a conflict exists between the housekeeper/ cleaner position and the DOT's reaching requirement and that this conflict was apparent. In *Prochaska,* the Seventh Circuit held that an ALJ had an affirmative duty to inquire about apparent conflicts, including one where the hypothetical presented to

---

[6] Notably, Defendant does not respond to this argument, thus, waiving any response. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

13

the VE involved a limitation to "occasional[ ] reach[ing] above shoulder level," while the position identified by the VE required " 'reaching' frequently" under the DOT. *Prochaska v. Barnhart*, 454 F.3d 731, 736 (7th Cir. 2006). The Seventh Circuit explained, "[i]t is not clear to us whether the DOT's requirements include reaching above shoulder level, and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help." Similarly, here, it is unclear whether the DOT's requirements of frequent reaching for the housekeeper/ cleaner position includes bilateral reaching, which is precluded by Plaintiff's RFC at the frequency listed in the DOT. As such, the Court finds that the ALJ had an affirmative duty under SSR 00-4p to inquire about this apparent conflict. *Prochaska*, 454 F.3d 735–36. The ALJ's failure to do so renders her findings based on this portion of the VE's testimony unreliable and not supported by substantial evidence. *See Addams v. Berryhill*, No. 17-CV-151-JPG-CJP, 2017 WL 4518347, at *3–5 (S.D. Ill. Oct. 10, 2017) (remanding where an ALJ did not inquire about an apparent conflict between the frequent reaching requirements specified in the DOT and the plaintiff's limitation to occasional reaching with his non-dominant hand).

In sum, the Court finds that because the ALJ failed to explain and resolve two apparent conflicts between the VE's testimony and the DOT as required by SSR 00-4p, her findings based on the VE's testimony are unreliable and not supported by substantial evidence. Accordingly, remand is required so that the ALJ can resolve these conflicts.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's request to remand for additional proceedings [17] is **GRANTED**, and the Commissioner's motion for summary judgment [19] is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

E N T E R:

Dated: June 17, 2019

_Mary M Rowland_

MARY M. ROWLAND
United States Magistrate Judge